Judge Underwood
delivered the opinion of the Court.
In 1819, the plaintiff in error, instituted a suit in the Christian circuit court, against the defendants in assumpsit, for money lent and advanced, laid out and expended. At the October term, 1826, the record states, that the defendants filed three pleas, Nos. 1, 2, and 3; and the plaintiff replied to pleas, 2 and 3, and the defendants demurred to the plaintiff’s replication, to the defendant’s second plea, and the plaintiff joined said demurrer; whereupon, argument being had, 8lc. the court overruled the demurrer, The cause was then continued until the next term.
The next steps taken to complete an issue, were at the July term, 1827, when, as the record shews, the defendants filed a joinder to the plaintiff’s replication, to the second plea, and the plaintiff filed a replication to the third plea, to which the defendants demurred; the plaintiff joined in the demurrer, and the court overruled the demurrer.
Thereupon, the defendants obtained leave to amend (heir third plea, which being amended, the plaintiff filed a replication thereto, to which the defendants demurred, and the plaintiffjoined in demurrer; whereupon, the court,on consideration, sustained the demurrer, A jury was then sworn to try the issue. A verdict was found for the defendants, upon which the court rendered judgment, in bar of the action.
Not one plea, replication, or demurrer, has been copied into the record. We cannot tell what the issue was, that the jury were sworn to try. The record has been most carelessly, and unskilfully made out by the clerk, or the proceedings have been extremely irregular, or both are combined. No notice seems to have been taken of the first plea, after it was filed. That may have been the general issue, containing a denial of the whple cause of action, and may have constituted the issue, the-jury were sworn to try, instead of the issue formed upon the 2d. plea. H the 3d. plea, as amended, constituted a-valid bar *447 .to the action, when the court sustained the defendant’s demurrer to the replication to this pjea, it should have rendered judgment in bar of the action, without proceeding to try any issue of fact. Why this not done, we cannot conjecture. As no such judgment was given, we are not prepared to say, that the action has been barred, merely by an entry on the record, that the demurrer to the replication was sustained, when it seems, no further attention was paid to it; and the parties proceeded to a trial of-the issue of fact. Such an irregularity, is sufficient to destroy the presumption, that the court intended, by sus* taining the demurrer, to bar the action; and therefore, we shall not regard that part of the record, as sufficient to deprive the plaintiff in error, of the right to correct the erroneous decisions of the court, if any have been made against him.
Party, having retaken depo-feaveofoourt ¡s not exclad-ed from read P°* vided’itbe legally taken,
He complains that the deposition of Reed, was improperly excluded. That the matter of that deposition was important, and conduced to sustain the plaintiff’s cause of action, as set out in the declartion, there can be no doubt. A dedimuspatestatem, regularly issued, authorizing the justices to take it. It was taken in pursuance of notice,duly served,and allowing the defendants a reasonable time after service, to travel to the place, in order to interrogate the wit* ness. Its authentication by the justices, who took it, though not very formal, is a substantial compliance with the requisites of the law.
We cannot, therefore, perceive the ground upon which it was excluded, unless it be, that it had been re-taken, in consequence of which, the court entertained the opinion, that it was improper to read the first deposition. If this were the opinion of the circuit court, we do not concur in it. It w'ould be improper to permit the depositions of the same witness, after the first, taken without the leave of the court, to be read for the reasons assigned in the case of Newman, &c. vs. Kendall, II. Marshall, 236. But the reasons given in that case, do not, where the court give leave to re-take a deposition, necessarily exclude the first, upon the production of the second, where the first has been legally taken.
Denny, for plaintiff; Crittenden and Monroe¿ for defendants,
On the contrary, if the first has been legally taken?, ^le practice would comport better with the reasoning ,in the case of Newman vs. Kendall-, to permit the first to stand as evidence in the cause, and only suffer a re-examination of the witness, on such points as were overlooked when the first deposition was taken. The mischief to be guarded against, is the facility with which a cunning party can mould the testimony of a willing witness, to suit his purposes, and to fortify'himself, as the points of a cause are developed in its progress. Hence, the necessity to obtain leave to re-examine; but when that leave is given, all the depositions, legally taken, are evidence. It follows, that the court erroneously excluded the deposition of Reed.
We are also of opinion, the grounds of surprize, ■stated in the affidavit of Littlejohn, were sufficient to require a new trial. It seems that the second deposition of Reed, had been removed from the papers, in the cause, in an unknown manner, when the agent had the strongest reaso'n to believe that it was filed, ready to be used. It was the duty of the clerk to keep it safely, and the parties and their agents, without a previous examination, had a right to expect, that the clerk had done his duty. Clerks, although responsible for the safe keeping of papers, intrusted to them, officially, cannot always guard against accidents and frauds, by which papers may be mislaid or purloined. When either happens, courts should prevent injury, to suiters, from resulting.
The judgment of the circuit courtis reversed, and a new trial awarded.
The plaintiff in error must recover his costs.